DLD-082                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2806
_____

AARON J. BRESSI,
                                            Appellant

v.

JOHN GEMBIC; MICHAEL P. TOOMEY; PETER KAY; VINNY CLAUSI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 4:17-cv-01405)
District Judge: Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 24, 2019
Before: JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed February 8, 2019)
_____

OPINION*
_____

PER CURIAM

    Pro se appellant Aaron Bressi, proceeding in forma pauperis, appeals from the

District Court's dismissal of his claims against numerous defendants in a civil rights

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

action he brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will summarily affirm the District Court's judgment.

Bressi alleges that his civil rights were violated in the course of several criminal proceedings in state court in 2013, 2015, and 2016. Bressi has brought claims against: 1) John Gembic, the magisterial district judge who presided over his cases; 2) Michael Toomey, the assistant district attorney who was the prosecutor in those cases; 3) Peter Kay, Bressi's public defender; and 4) Vinny Clausi, Bressi's former employer.

Bressi alleges that Toomey fabricated the charges brought against him in 2013, and maintains that some of those charges were based on false reports by Clausi. He contends that he was pressured into pleading guilty by Toomey and Judge Gembic in 2013. In 2015, Kay advised Bressi to take a plea deal in a criminal matter which was presided over by Judge Gembic and prosecuted by Toomey. Kay also allegedly failed to file certain pretrial motions that Bressi wanted him to file in his 2016 criminal matter.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Bressi's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e review the District Court's denial of leave to amend for abuse of discretion, and review de novo its determination that amendment would be futile." See U.S. ex rel. Schumann v. AstraZeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

All of Bressi's claims were properly dismissed with prejudice. First, Bressi's claims based on his 2013 convictions — including all of his claims against Clausi — are time-barred. "A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); see 42 Pa. Cons. Stat. § 5524(2). Claims may be dismissed based on "a limitations defense if the face of the complaint demonstrates that the plaintiff's claims are untimely." Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015) (internal quotation marks omitted).

Bressi filed his complaint in 2017; his first criminal proceedings were resolved by July 2013. Bressi's allegations against Toomey and Judge Gembic from 2013 are not connected to his later allegations, and he does not suggest Clausi's involvement with any of his criminal matters after 2013. Accordingly, the District Court properly dismissed all of Bressi's claims based on his 2013 criminal proceedings as time-barred.

Next, Kay is not a state actor against whom Bressi can bring § 1983 claims under these circumstances. Public defenders do not act under color of state law when they "perform[] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Bressi's allegations

3

could not establish that Kay acted outside of that capacity. Thus, Bressi's claims against Kay were also correctly dismissed.

Finally, Toomey and Judge Gembic are entitled to absolute immunity from liability on Bressi's remaining claims against them. Bressi has alleged that Toomey somehow violated his civil rights by bringing criminal charges against him in 2015 and 2016. Similarly, Bressi claims that Judge Gembic violated his civil rights in the course of presiding over his criminal matters. However, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Additionally, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). A judge "will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. (internal quotation marks omitted). Because Bressi's allegations indicate that Toomey and Judge Gembic acted entirely within the scope of their respective positions, Bressi's claims against them are barred by absolute immunity.

Bressi's numerous attempts to amend his complaint indicate that he wishes to bring additional legal claims against these defendants but have not clarified any of his factual allegations. Under these circumstances, the District Court correctly determined that granting Bressi leave to amend would have been futile. See Schumann, 769 F.3d at 849. Accordingly, we will summarily affirm the judgment of the District Court.

4